IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN L. ALVARES | ) |
| | ) CIVIL ACTION 05-320  ERIE |
| vs. | ) |
| | ) JUDGE SEAN J. McLAUGHLIN/ |
| EDINBORO UNIVERSITY OF | ) MAGISTRATE JUDGE SUSAN PARADISE |
| PENNSYLVANIA | ) BAXTER |

## MOTION FOR LEAVE TO AMEND COMPLAINT

AND NOW, to wit, comes the plaintiff, by her attorney, Richard T. Ruth, Esq., and moves the Court for leave to amend her Complaint based on the following reasons:

1. The original Complaint was filed October 26, 2005.

2. The Commonwealth filed a Rule 12(b)(6) Motion to Dismiss to the original Complaint on December 22, 2005.

3. A proposed Amended Complaint in the form attached hereto as **Exhibit A** clarifies the nature of the theory under which plaintiff seeks relief under Count I (hostile work environment as opposed to disparate treatment) and includes a Count II which answers defendant's Eleventh Amendment objections.

4. Amendment of the Complaint is appropriate and necessary to expedite litigation of this case.

5. Defendant has been provided a copy of **Exhibit A** attached hereto and consented to plaintiff's filing of First Amended Complaint.

6. A copy of defendant's Consent is attached hereto as **Exhibit B**.

WHEREFORE, plaintiff requests leave to amend Complaint in the form attached hereto as **Exhibit A** and further request that such First Amended Complaint be deemed filed as of the date this Court grants this Motion.

/s/ Richard T. Ruth
Richard T. Ruth, Esq.
Attorney for Plaintiff
PA Supreme Court I.D. #23459
1026 West 26th Street
Erie, PA 16508
(814) 453-6606

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN L. ALVARES | ) |
| | ) CIVIL ACTION 05-320   ERIE |
| vs. | ) |
| | ) JUDGE SEAN J. McLAUGHLIN/ |
| EDINBORO UNIVERSITY OF | ) MAGISTRATE JUDGE SUSAN PARADISE BAXTER |
| PENNSYLVANIA; FRANK G. POGUE, | ) |
| PRESIDENT OF EDINBORO UNIVERSITY | ) |
| OF PENNSYLVANIA, OFFICIALLY; | ) |
| TERRY SMITH, DEAN OF LIBERAL | ) |
| ARTS COLLEGE OF EDINBORO | ) |
| UNIVERSITY OF PENNSYLVANIA, | ) |
| OFFICIALLY; ROBERT HOLDERER, | ) |
| CHAIR OF UNIVERSITY-WIDE TENURE | ) |
| COMMITTEE, OFFICIALLY; ROY SHINN, | ) |
| CHAIRMAN OF THE DEPARTMENT | ) |
| TENURE COMMITTEE, EDINBORO | ) |
| UNIVERSITY OF PENNSYLVANIA, | ) |
| OFFICIALLY; TERRY WARBURTON, | ) |
| CHAIR OF THE SPEECH AND | ) |
| COMMUNICATIONS DEPARTMENT, | ) |
| EDINBORO UNIVERSITY OF | ) |
| PENNSYLVANIA, OFFICIALLY | ) |

**FIRST AMENDED COMPLAINT**

AND NOW, comes Robin L. Alvares, by her attorney, Richard T. Ruth, Esq., and brings the following action against the above defendant:

**COUNT I. TITLE VII**

**HOSTILE WORK ENVIRONMENT DISCRIMINATION AGAINST**

**EDINBORO UNIVERSITY OF PENNSYLVANIA**

1. Plaintiff Robin L. Alvares is an adult female who resides in Erie County, Pennsylvania.

EXHIBIT A

2. Defendant Edinboro University of Pennsylvania is a university which is part of the State System of Higher Education of the Commonwealth of Pennsylvania.

3. Defendant Frank G. Pogue is or was President at all relevant times of Edinboro University of Pennsylvania.

4. Defendant Terry Smith is or was at all relevant times Dean of Liberal Arts College of Edinboro University of Pennsylvania.

5. Defendant Robert Holderer is or was at all relevant times Chair of the University-Wide Tenure Committee.

6. Defendant Roy Shinn is or was at all relevant times Chair of the Department Tenure Committee, Edinboro University of Pennsylvania.

7. Defendant Terry Warburton is or was at all relevant times Chair of the Speech and Communications Department, Edinboro University of Pennsylvania.

8. This Court has jurisdiction over this matter under Title VII of the Civil Rights Act of 964, 42 U.S.C. §§ 2000e et seq., Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991; jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5(f).

9. Plaintiff has timely filed with the EEOC a charge of sex discrimination.

10. On or about August 2, 2005, the U.S. Department of Justice Civil Rights Division issued a Notice of Right to Sue within 90 days, a copy of which Notice is attached hereto as **Exhibit A.**

11. At all times material hereto, plaintiff was an "employee" of the defendant within the meaning of that definition set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

12. At all times material hereto, defendant was an "employer" of the plaintiff within the meaning of that definition set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

13. Plaintiff began employment at Edinboro University, Department of Speech and Communications Studies, on August 14, 1999, as Assistant Professor on a tenure track and then holding a terminal degree which was a Ph.D. in Human Development and Communication Sciences.

14. Plaintiff continuously and satisfactorily performed her duties in a manner consistent with attaining tenure in the 2004-2005 Academic year.

15. More specifically, to attain tenure, plaintiff accomplished the following goals at the following stages in her career at Edinboro University:

    A. Was reviewed annually by the Department Tenure Committee and the Dean of the College of Liberal Arts and Department Chair;

    B. Received a favorable third year review from the Department Tenure Committee and Dean of Liberal Arts and Department Chair; and

    C. Received recommendation for continuation at November, 2003 third year review from Department Chair and Dean of Liberal Arts.

16. On or about January 25, 2004, Dennis Lutz, a male tenure track Assistant Professor, met with Robert Holderer, Chair of University-Wide Tenure Committee and Roy Shinn, Chair of Department Tenure Committee.

17. On February 5, 2004, plaintiff was not recommended for tenure as of the 2004-2005 Academic year by the Chair of the Speech and Communications Department, Terry Warburton.

18. On or about February 5, 2004, Terry Warburton recommended a similarly comparably situated but less qualified male who did not hold a terminal decree for tenure; the identity of that male was Dennis Lutz.

19. On or about February 5, 2004, plaintiff learned that false information had been provided to the Tenure Committee about her clinical performance.

20. Dennis Lutz's apparent provision of any information about plaintiff, a tenure track Assistant Professor, to the Tenure Track Committee was a violation of University Rules, procedures, and protocol.

21. The false information which had been provided to the Tenure Committee was instrumental in securing plaintiff's negative recommendation by the Tenure Committee.

22. Beginning February 16, 2004, plaintiff repeatedly made efforts with defendant University to correct the false information which had been provided to the Department Tenure Committee and Chair and requested the Department Tenure Committee and Chair conduct an investigation in the provision of such false information.

23. Edinboro University failed to correct the false information which had been provided to the Department Tenure Committee and the University-Wide Tenure Committee failed to rectify the inappropriateness of a male tenure Assistant Professor providing any information about a female Assistant Professor.

24. As a result of her denial of tenure, plaintiff's employment with Edinboro University was terminated at the end of the academic year for 2004-2005.

25. Defendant has intentionally violated Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, through the above acts which may be summarized as follows:

    A.    Permitting a male contending with plaintiff for a tenured position with lesser qualifications to be recommended for tenure over plaintiff who had stronger tenure qualifications;

    B.    Allowing a lesser qualified contending male seeking tenure to meet with Department Tenure Committee and University Wide Tenure Committee and apparently provide information about plaintiff, a fellow tenure contender;

    C.    Allowing the Department Tenure Committee, which was all male, to deploy uneven standards in making its tenure recommendation of a lesser qualified male over plaintiff, a better qualified female.

    D.    Failing to adequately investigate plaintiff's charges concerning the impropriety of the provision of false information concerning her performance to the Department Tenure Committee and University Wide Tenure Committee.

    E.    Failing to rectify the impropriety of a lesser qualified contending male meeting with the Department Tenure Committee and University Wide Tenure Committee at tenure decision time.

    F.    Failing to follow established procedures in denying plaintiff tenure in a manner which showed favoritism toward a lesser qualified male tenure contender.

26.    Defendant intentionally created an environment which permitted pervasive and regular gender discrimination in the selection of individuals for tenure, and which was recklessly or callously indifferent to plaintiff's federally protected rights under the 14th Amendment.

27.    As a result of the violations of law set forth above, plaintiff has suffered the following damages:

A. Permitting a male contending with plaintiff for a tenured position with lesser qualifications to be recommended for tenure over plaintiff who had stronger tenure qualifications;

B. Allowing a lesser qualified contending male seeking tenure to meet with Department Tenure Committee and University Wide Tenure Committee and apparently provide information about plaintiff, a fellow tenure contender;

C. Allowing the Department Tenure Committee, which was all male, to deploy uneven standards in making its tenure recommendation of a lesser qualified male over plaintiff, a better qualified female.

D. Failing to adequately investigate plaintiff's charges concerning the impropriety of the provision of false information concerning her performance to the Department Tenure Committee and University Wide Tenure Committee.

E. Failing to rectify the impropriety of a lesser qualified contending male meeting with the Department Tenure Committee and University Wide Tenure Committee at tenure decision time.

F. Failing to follow established procedures in denying plaintiff tenure in a manner which showed favoritism toward a lesser qualified male tenure contender.

26. Defendant intentionally created an environment which permitted pervasive and regular gender discrimination in the selection of individuals for tenure, and which was recklessly or callously indifferent to plaintiff's federally protected rights under the 14th Amendment.

27. As a result of the violations of law set forth above, plaintiff has suffered the following damages:

A. Loss of pay from June, 2005, to the present;

B. Loss of fringe benefits from June, 2005, to the present;

C. Future pecuniary losses; emotional pain; suffering; inconvenience; mental anguish; loss of enjoyment of life; and other non-pecuniary losses; and

D. Punitive damages.

WHEREFORE, plaintiff prays this Court advance this case on the docket; order a speedy hearing at the earliest practical date; and upon such hearing:

A. Enter a declaratory judgment that the acts complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964 as amended;

B. Permanently enjoin defendant, its agents, successors, employees, and those acting in concert with defendant, from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law, so that defendant no longer discriminates on the basis of sex;

C. Immediately assign plaintiff to such position she would now be occupying, but for the discriminatory acts of defendant;

D. Compensate plaintiff for all earnings and other benefits which she would have received, but for the discriminatory acts of defendant;

E. Award pre-judgment interest on any back-pay;

F. Award plaintiff compensatory damages;

G. Award plaintiff punitive damages;

    H.    Award plaintiff the costs and disbursements of this action, including reasonable attorney's and expert's fees; and

    I.    Award all such other relief as may be just and proper.

JURY TRIAL OF EIGHT DEMANDED ON COUNT I.

**COUNT II. VIOLATION OF FOURTEENTH AMENDMENT EQUAL PROTECTION RIGHTS BY CREATION OF A HOSTILE WORK ENVIRONMENT WHICH OFFICIALLY SANCTIONED GENDER DISCRIMINATION IN TENURE SELECTION VS. FRANK G. POGUE, AS PRESENT OR FORMER PRESIDENT OF EDINBORO UNIVERSITY OF PENNSYLVANIA; TERRY SMITH, AS PRESENT OR FORMER DEAN OF LIBERAL ARTS COLLEGE OF EDINBORO UNIVERSITY; ROBERT HOLDERER, AS PRESENT OR FORMER CHAIR OF UNIVERSITY-WIDE TENURE COMMITTEE; ROY SHINN, AS PRESENT OR FORMER CHAIR OF DEPARTMENT TENURE COMMITTEE; and TERRY WARBURTON, AS PRESENT OR FORMER CHAIR OF THE SPEECH AND COMMUNICATIONS DEPARTMENT**

A.    <u>STATEMENT OF FACTS</u>

28.    To the extent relevant, Paragraphs 1 through 27 above are incorporated herein by reference as if the same were here fully stated.

B.    <u>VIOLATIONS OF THE LAW</u>

29.    The customs, practices, and policies set forth in Paragraphs 1 through 26 above violate the right to Equal Protection under the law secured to plaintiff as a result of her gender by the Fourteenth Amendment of the Constitution of the United States and by U.S. Code Title 42 §§ 1983 and 1985.

30. The conduct set forth above was pervasive and regular and motivated by an intent to discriminate against females.

C. **IRREPARABLE INJURY AND INADEQUATE REMEDY AT LAW**

31. Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury by virtue of defendant's continuing actions and omissions as set forth above.

32. Plaintiff has no adequate remedy at law to redress these violations of her constitutional rights other than this action for injunctive, declaratory, and compensatory and other relief.

D. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays this Court:

A. Issue a declaratory judgment that the customs, practices, and policies of the defendant set forth above violate the rights secured to plaintiff by the Fourteenth Amendment to the Constitution of the United States and by U.S. Code Title 42, §§ 1983 and 1985;

B. Issue a preliminary and permanent mandatory injunction prohibiting defendant, its agents, employees, and those acting in concert with defendant from using gender or sex as a criteria for employment practices at Edinboro University;

C. After a hearing, issue a mandatory injunction appointing plaintiff to the rank and/or position to which she would have been appointed had not her promotional opportunities been blocked as a result of gender discrimination;

D. Retain jurisdiction of this case until such time as this Court is assured from the activities of defendant, their agents, employees, and those acting in concert with defendant that the violation of rights complained of have ceased and no longer threaten and that the effects complained of above have been remedied;

E.    Award plaintiff her reasonable attorney fees and costs and expenses of litigation including expert witness fees; and

F.    Award such further and alternate relief as may be just and equitable.

JURY TRIAL OF EIGHT DEMANDED ON COUNT II

_____
Richard T. Ruth, Esq.
Attorney for Plaintiff
PA Supreme Court I.D. #23459
1026 West 26th Street
Erie, PA  16508
(814) 453-6606



U.S. Department of Justice

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5062 5580

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

July 27, 2005

Dr. Robin L. Alvares
c/o Richard T. Ruth, Esquire
Attorney at Law
1026 W. 26th St.
Erie, PA  16508-1516

Re:  EEOC Charge Against Edinboro University of Pennsylvania
     No. 17F200463579

Dear Dr. Alvares:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Brad Schlozman
Acting Assistant Attorney General
Civil Rights Division

by  /s/ Karen L. Ferguson

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Philadelphia District Office, EEOC
     Edinboro University of Pennsylvania

PHC
R. Alvares
DATE  8/2/05

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN L. ALVARES | ) |
| | ) CIVIL ACTION 05-320  ERIE |
| vs. | ) |
| | ) JUDGE SEAN J. McLAUGHLIN/ |
| EDINBORO UNIVERSITY OF | ) MAGISTRATE JUDGE SUSAN PARADISE BAXTER |
| PENNSYLVANIA; FRANK G. POGUE, | ) |
| PRESIDENT OF EDINBORO UNIVERSITY | ) |
| OF PENNSYLVANIA, OFFICIALLY; | ) |
| TERRY SMITH, DEAN OF LIBERAL | ) |
| ARTS COLLEGE OF EDINBORO | ) |
| UNIVERSITY OF PENNSYLVANIA, | ) |
| OFFICIALLY; ROBERT HOLDERER, | ) |
| CHAIR OF UNIVERSITY-WIDE TENURE | ) |
| COMMITTEE, OFFICIALLY; ROY SHINN, | ) |
| CHAIRMAN OF THE DEPARTMENT | ) |
| TENURE COMMITTEE, EDINBORO | ) |
| UNIVERSITY OF PENNSYLVANIA, | ) |
| OFFICIALLY; TERRY WARBURTON, | ) |
| CHAIR OF THE SPEECH AND | ) |
| COMMUNICATIONS DEPARTMENT, | ) |
| EDINBORO UNIVERSITY OF | ) |
| PENNSYLVANIA, OFFICIALLY | ) |

## CONSENT

I, Scott A. Bradley, Senior Deputy Attorney General, on behalf of the above named defendants hereby consent to plaintiff's filing of First Amended Complaint.

Date: Jan 11, 2006

s/Scott A. Bradley
Scott A. Bradley
Senior Deputy Attorney General

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN L. ALVARES | ) |
| | ) CIVIL ACTION 05-320  ERIE |
| vs. | ) |
| | ) JUDGE SEAN J. McLAUGHLIN/ |
| EDINBORO UNIVERSITY OF | ) MAGISTRATE JUDGE SUSAN PARADISE |
| PENNSYLVANIA | ) BAXTER |

## **ORDER**

AND NOW, to wit, this _____ day of _____, 2006, plaintiff having filed a Motion to Amend Complaint and defendant having consented to same, it is hereby ORDERED that plaintiff is granted leave to file her First Amended Complaint attached to her Motion for Leave to Amend as Exhibit A and further ordered that such Complaint shall be deemed filed as of the date this Order is granted.

_____
Judge Sean J. McLaughlin/
Magistrate Judge Susan Paradise Baxter